IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY HICKMAN, # B87476, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00961-JPG |
| | ) |
| DONALD D. GAETZ, | ) |
| SGT. MCGUIRE, | ) |
| C/O SWALLERS, | ) |
| C/O FLATT, | ) |
| SGT. MCELYEA, | ) |
| C/O BELFORD, | ) |
| STACY BROWN, | ) |
| KAREN DEEN, | ) |
| TERRI ANDERSON, and | ) |
| SALVADOR A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tony Hickman, currently incarcerated at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff claims that while the prison was on lockdown April 18-22, 2012, before he could commence his dietary job each day he was strip searched in open view of others (including females and a homosexual) and in plain view of cameras.  It is alleged that all defendants, except Counselor Stacy Brown, Grievance Officer Karen Deen, Administrative Review Board member Terri Anderson, and Illinois Department of Corrections Director Salvador A. Godinez, "were all at one time or another present during one of the five strip searches" (Doc. 1, p. 6).  "Plaintiff also claims that he was subsequently terminated from his dietary job for allegedly stealing three packets of ketchup, which he contends is not grounds for termination.  Plaintiff seeks compensatory and

punitive damages, an injunction and other equitable relief, such as an investigation and the suspension or termination of the defendants.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

### Standard of Review

In pertinent part, 28 U.S.C. § 1915A, provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or

conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> Count 1: Defendants Warden Gaetz, Sgt. McGuire, C/O Swallers, C/O Flatt, Sgt. McElyea and C/O Belfore were present while Plaintiff was strip searched in an unreasonable and demeaning manner, in violation of the Eighth Amendment; and
>
> Count 2: Plaintiff was unjustly terminated from his job as a prison dietary worker.

### Discussion

#### Count 1

Count 1, alleging that Defendants Gaetz, McGuire, Swallers, Flatt, McElyea and Belfore were present while Plaintiff was strip searched in an unreasonable and demeaning manner shall proceed. *See Mays v. Springborn*, 719 F.3d 631, 633-34 (7th Cir. 2013) (protracted, gratuitous and humiliating strip searches can violate the Eighth Amendment).

Although the complaint only alleges that Gaetz, McGuire, Swallers, Flatt, McElyea and Belfore were each "present" during one of the five strip searches, at this juncture it is not clear that those defendants lacked the personal involvement that is required for liability under Section 1983. "An official satisfies the personal responsibility requirement of [Section] 1983 if she acts

or *fails* to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982) (emphasis added); *Fillmore v. Page*, 358 F.3d 496, 505 -506 (7th Cir. 2004). Although direct participation is not necessary, there must at least be a showing that [a defendant] acquiesced in some demonstrable way in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

### Count 2

Count 2, the allegation that Plaintiff was terminated from his dietary job for allegedly stealing ketchup, does not implicate any particular defendant. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Count 2, as pleaded, also fails to implicate a constitutional right. Moreover, prisoners have no right to a job while in prison. *Turley v. Rednour*, __F.3d__, 2013 WL 3336713, at *6 (7th Cir. July 3, 2013).

For these reasons, Count 2 fails to state a claim upon which relief can be granted and will be dismissed without prejudice.

### Remaining Defendants

Defendants Counselor Stacy Brown, Grievance Officer Karen Deen, Administrative Review Board member Terri Anderson, and Illinois Department of Corrections Director Salvador A. Godinez are named in the caption of the complaint, but they are specifically excluded from Count 1, and they are not linked to Count 2.

Again, Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper*, 430 F.3d at 810. Merely naming a defendant in the caption is insufficient to

state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In addition, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Merely being a supervisory official is insufficient for liability to attach. Lastly, the Court notes that merely ruling against a prisoner's administrative grievance does not cause or contribute to a constitutional violation. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Therefore, Defendants Stacy Brown, Karen Deen, Terri Anderson, and Salvador A. Godinez shall be dismissed from this action, albeit without prejudice.

### Warden Gaetz

Warden Gaetz remains a defendant to Count 1. In addition, he must remain as a defendant to this action in his official capacity because the complaint contains a prayer for injunctive relief and various other equitable remedies. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

Because Plaintiff has been granted pauper status (Doc. 6), Plaintiff's motion for service of process at government expense (Doc. 3) shall be granted. *See* 28 U.S.C. § 1915(d),

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, because the complaint fails to state any colorable claim against Defendants **STACY BROWN**, **KAREN DEEN**, **TERRI ANDERSON**, and **SALVADOR A. GODINEZ**, they are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** shall proceed against Defendants **GAETZ**, **MCGUIRE**, **SWALLERS**, **FLATT**, **MCELYEA** and **BELFORE**; and Defendant **GAETZ** shall also remain as a defendant in his official capacity for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED**. The Clerk of Court shall prepare for Defendants **GAETZ**, **MCGUIRE**, **SWALLERS**, **FLATT**, **MCELYEA** and **BELFORE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 18, 2013**

                                                *s/ J. Phil Gilbert*
                                                **United States District Judge**