IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00961-JPG-PMF |
| ) | |
| DONALD GAETZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 43) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motion for Partial Summary Judgment (Doc. 38). Plaintiff filed a Response (Doc. 42) to Defendant's Motion for Partial Summary Judgment and then Plaintiff refiled basically the same response (Doc. 44) which the Court will construe as objections to the R & R. Plaintiff did not file a document which specifically states it was an objection to the R & R.

Also before the Court is Plaintiff Tony Hickman's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 45). Plaintiff was granted *In Forma Pauperis* (Doc. 6) on September 30, 2013. As such, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 45) is denied as moot.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court will review

the R & R *de novo* as Document 44 has been construed by the Court to be an objection to the R & R.

Plaintiff objects to the dismissal of Warden Gaetz stating that the warden is being sued in his official capacity and although Warden Gaetz is was not directly named in his grievance, he is ultimately responsible for the safety and security of all staff and prisoners and therefore, his involvement is implied.

It is clear from a review of the Plaintiff's grievance that Warden Gaetz was not named and as such, the Court agrees with the Magistrate Judge that the Plaintiff has failed to exhaust administrative remedies with regard to Warden Gaetz in his *individual capacity*. However, the Court notes that Defendant Gaetz must remain a defendant to this action in his official capacity because the complaint (Doc. 1) contains a prayer for injunctive relief. Therefore, Warden Gaetz shall be dismissed in his individual capacity for failure to exhaust administrative remedies, but must remain a party to this suit in his official capacity.

Based upon the above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 45) is **DENIED** as moot.  The Court hereby **ADOPTS** the Report and Recommendation (Doc. 43) as modified and **GRANTS** in part Defendants' Motion for Partial Summary Judgment (Doc. 38). Defendant Warden Gaetz is **DIMISSED** from Count I with prejudice in his *individual capacity* and remains a defendant in Count I in his *official capacity* with regard to injunctive relief.  The Court **DENIES** the remainder Defendants' Motion for Partial Summary Judgment (Doc. 38).

**IT IS SO ORDERED.**

**DATED:** 4/8/2015            *s/J. Phil Gilbert*
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**